**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Maurice Eugene BROWN,
Defendant–Appellant.**

**No. 93–4267
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 20, 1994.

---

Joaquin Perez and Jonathan Karl Thiele, Miami, FL, for appellant.

Kendall Coffey, U.S. Atty., Orlando A. Prescott, Alice Ann Burns, Linda Collins Hertz, and Yvette R. Prescott, Asst. U.S. Attys., Miami, FL, for appellee.

Before TJOFLAT, Chief Judge, EDMONDSON and DUBINA, Circuit Judges.

PER CURIAM:

In this drug case, defendant argues that the district court abused its discretion by refusing to give a lesser included offense charge to the jury. Defendant says the jury should have had an opportunity to find him guilty of simple possession for personal use, as an alternative to importation and possession with intent to distribute.

◼ The district court did not abuse its discretion by refusing to give the lesser included offense charge. Defendant possessed two kilograms of 93% pure cocaine. Defendant also admitted that he planned to sell the cocaine. No rational jury could have concluded, based on the evidence, that defendant intended to possess the cocaine for purely personal use. *See U.S. v. Catchings*, 922 F.2d 777, 780–81 (11th Cir.1991).

◼ Our conclusion in this case is strengthened by the fact that Brown's defense rested *not* on a theory that corresponds to the requested instruction, that is, that defendant had no intent to distribute. Rather, defendant argued at trial that he lacked knowledge of the cocaine. When a defendant relies on an exculpatory defense that, if believed, would lead to acquittals on both the greater and lesser charges, it is no abuse of discretion to refuse to instruct the jury on a lesser included offense. *See U.S. v. Zapata–Tamallo*, 833 F.2d 25, 28–29 (2nd Cir.1987).

Defendant's conviction is AFFIRMED.