United States Court of Appeals,

Eleventh Circuit.

No. 94-2485.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rodrigo MEJIA, Romero Eduardo Grau, Defendants-Appellants.

Oct. 21, 1996.

Appeals from the United States District Court for the Middle
District of Florida. (No. 93-43-CR-FTM-17), Lee P. Gagliardi,
District Judges

ON PETITION FOR REHEARING

Before HATCHETT, Chief Judge, BARKETT, Circuit Judge, and OAKES[*],
Senior Circuit Judge.

BARKETT, Circuit Judge:

Pursuant to Federal Rule of Appellate Procedure 40(a), the
panel hereby grants the government's petition for rehearing,
withdraws the previous panel opinion dated July 9, 1996, and
substitutes the following opinion:

Rodrigo Mejia appeals his convictions for possession of
cocaine with intent to distribute and conspiracy to possess cocaine
with intent to distribute. Romero Eduardo Grau appeals his
convictions for possession of cocaine with intent to distribute,
conspiracy to possess cocaine with intent to distribute,
importation of cocaine and conspiracy to import cocaine.

Grau argues that the district court erred in denying his
motion for mistrial in which he argued that the government provided
incorrect information regarding the prior criminal activity of its

[*]Honorable James L. Oakes, Senior U.S. Circuit Judge for the
Second Circuit, sitting by designation.

key witness against him. We find Grau's argument to be without merit and affirm his convictions without further discussion. *See* 11th Cir. Rule 36-1. Mejia argues on appeal that the evidence presented was insufficient for a reasonable jury to find beyond a reasonable doubt that he knowingly possessed cocaine with the intent to distribute it or that he knowingly and voluntarily participated in a cocaine conspiracy. We affirm.

The evidence presented to the jury indicated that a Victor Yepes intended to purchase fifty kilograms of cocaine from undercover DEA agents posing as drug smugglers in Fort Myers, Florida. When Yepes drove from Miami to Fort Myers, Mejia was a passenger in the car. Upon arrival, Yepes drove to a Wendy's restaurant, got out of the car, went inside and met with the undercover agents. Mejia, who remained in the car, was not present for these discussions. Some time later, Yepes returned to the car and Mejia and Yepes followed the agents to a warehouse. Mejia remained in the car while Yepes went into the warehouse and gave the undercover agents $47,000.

The agents had concealed about 20 kilograms of cocaine under the back seat of a car that was located in the warehouse. The agents drove the car containing the cocaine back to Miami, and Yepes and Mejia followed. At an Amoco station near Miami, the agents got out of their car. Mejia asked the agents for the keys to their car, but did not suggest he had any knowledge that the car contained cocaine. After an agent gave Mejia the keys, Mejia drove to an apartment where he parked the car, got out, and went inside. After Mejia returned to the car and started to drive away, DEA

agents arrested him.  Mejia told the agents that he was to receive $5,000 to "unload the car," but did not refer in any way to cocaine or other narcotics.

Viewing the evidence in the light most favorable to the government, we review the sufficiency of the evidence *de novo* to determine whether, based on the evidence presented, a reasonable jury could have concluded beyond a reasonable doubt that Mejia was guilty of the crimes charged.  *United States v. Lopez-Ramirez,* 68 F.3d 438, 440 (11th Cir.1995).  To sustain a conviction for possession of cocaine with intent to distribute, the government must prove beyond a reasonable doubt that the defendant knowingly possessed the cocaine and that he intended to distribute it.  *Id.* To prove conspiracy to possess cocaine with intent to distribute, the government must establish three elements:  (1) that a conspiracy to possess cocaine existed;  (2) that the defendant knew of the goal of the conspiracy;  and (3) that the defendant, with knowledge, voluntarily joined it.  *Id. United States v. Guerrero,* 935 F.2d 189, 192 (11th Cir.1991).  Where the government's case is circumstantial, "reasonable inferences, and not mere speculation, must support the jury's verdict."  *Id.*

In light of these standards, we find the evidence sufficient to support the conclusion that Mejia knowingly possessed cocaine. In *United States v. Gomez,* 905 F.2d 1513 (11th Cir.1990), we held that, to sustain a conviction for possession with intent to distribute a controlled substance, the government need not prove that a defendant had knowledge of the particular drug involved, *but the government did need to prove that he knew he was dealing with*

*a controlled substance. Id.* at 1514 (emphasis added). We have also stated that "all of the circuits, including this one, require something more than mere presence in [a car in which drugs are hidden] to sustain a [drug possession] conviction." *United States v. Stanley,* 24 F.3d 1314, 1320 (11th Cir.1994). But we have upheld convictions when presence is combined with other evidence from which guilt can be inferred. *Id.* In this case, the government presented no evidence that Mejia saw or touched the cocaine. Nevertheless, Mejia's presence was combined with other evidence from which a jury could reasonably infer that Mejia knew the car contained drugs. Mejia asked for the keys to the agents' car containing the hidden cocaine and drove it to an apartment. Moreover, there was some evidence that Mejia drove the car in a manner consistent with how someone would drive in order to detect surveillance. Mejia also admitted in his post-arrest statement that he was to be paid $5,000 to "unload the car." Accordingly, we sustain Mejia's cocaine possession conviction.

We likewise find the evidence sufficient to prove that Mejia knew of the goal of the conspiracy and, with such knowledge, voluntarily joined it. The goal of this conspiracy was to possess cocaine with intent to distribute. As with the possession count, a jury could infer that Mejia knew the goal of the conspiracy was to possess a controlled substance with the intent to distribute it from evidence that Mejia asked for the keys to the car containing the hidden cocaine, drove the car in a sometimes circuitous fashion, and, after arrest, said that he was to be paid to "unload the car." There also was evidence that Mejia rode with Yepes from

Miami to Fort Myers and back.  Although the government presented no evidence that Mejia was involved in or present for any negotiations for the purchase of cocaine, Mejia's extensive presence, combined with the other evidence of guilt, was support a conclusion that he participated in a conspiracy to possess cocaine with intent to distribute.  *See United States Lyons,* 53 F.3d 1198, 1202 (11th Cir.1995).

For the foregoing reason, we affirm the convictions of Rodrigo Mejia and the convictions of Romero Eduardo Grau.

AFFIRMED.