[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 28, 2007
THOMAS K. KAHN
CLERK

No. 05-16493
Non-Argument Calendar

_____

D. C. Docket No. 05-20487-CR-PCH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE GARCIA-FRIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 28, 2007)**

Before DUBINA, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jose Garcia-Frias appeals his conviction and sentence for 62 months of

imprisonment for conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846, and attempt to possess with intent to distribute heroin, 21 U.S.C. § 846. Garcia-Frias presents three arguments in this appeal, each for the first time. First, Garcia-Frias argues that he is entitled to a new trial because of statements the prosecutor made during closing argument. Second, he argues that the district court erred when it sentenced him for both conspiracy and attempt because the convictions arose out of a single course of conduct. Third, he argues that the jury instructions violated Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). We affirm.

Garcia-Frias first argues that the prosecutor's suggestion during closing rebuttal that the jury was being "duped" constituted a personal attack on his counsel and entitles him to a new trial. The government argues that the prosecutor's comments were not a personal attack but a response to the repeated arguments of defense counsel that the government "duped" Garcia-Frias in executing the drug bust. Because GarciaFrias did not object to the statements of the prosecutor, we review for plain error. See United States v. Arias-Izquierdo, 449 F.3d 1168, 1185 n.8 (11th Cir. 2006). We will reverse only if there is (1) error that is (2) plain, (3) affects substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Martinez,

2

407 F.3d 1170, 1173 (11th Cir. 2005).

Garcia-Frias cannot establish plain error. "A reversal is warranted when prosecutorial misconduct was so pronounced and persistent that it permeated the entire atmosphere of the trial." United States v. Mueller, 74 F.3d 1152, 1157 (11th Cir. 1996). It is not clear that the comments of the prosecutor were a personal attack on defense counsel, and the comments did not affect the substantial rights of Garcia-Frias. The district court twice instructed the jury that the arguments of counsel were not evidence and the verdict of the jury had to be based on the evidence. United States v. Bailey, 123 F.3d 1381, 1402 (11th Cir. 1997). We cannot say, however, that the comments reached the level of plain error.

Garcia-Frias next argues that, although he can be convicted of both conspiracy and attempt, 21 U.S.C. § 846, he cannot be sentenced on both counts because they arose out of a single course of conduct. Garcia-Frias's argument is foreclosed by our precedent in United States v. Cochran, 883 F.2d 1012, 1017–18 (11th Cir. 1989), in which we upheld the imposition of separate sentences for conspiracy and attempt, even though they both arose from the same narcotics transaction, because each offense requires proof of different facts. Garcia-Frias's argument, which we review for plain error because it was raised for the first time on appeal, fails.

Finally, Garcia-Frias contends that the instruction to the jury that the government need not prove that Garcia-Frias had knowledge of the quantity and type of drugs involved "as long as he knew he was dealing with a controlled substance," violates the Sixth Amendment, under Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). This argument fails. Garcia-Frias acknowledges that the jury instruction was consistent with the law of this Circuit. See United States v. Gomez, 905 F.2d 1513, 1514–15 (11th Cir. 1990); United States v. Mejia, 97 F.3d 1391, 1392–93 (11th Cir. 1996). Garcia-Frias raises the issue "purely for purposes of preservation," but we are bound by our precedents.

Garcia-Frias's conviction and sentence are

**AFFIRMED.**