[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10395
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 15, 2010
JOHN LEY
ACTING CLERK

D. C. Docket No. 08-00271-CR-T-27TGW

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL SAWYER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 15, 2010)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Defendant Daniel Sawyer appeals his conviction for conspiring to possess

with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) & 846. After review, we affirm.

## I. BACKGROUND

### A. Offense Conduct

This case arises out of a drug investigation by the Sarasota Police Department in Sarasota, Florida, leading to the May 29, 2008 arrest of five individuals: defendant Sawyer, Diogenes Balbuena, Jimmy Morales-Garcia ("Garcia"), Gilberto Montas, and Henry Guzman. Defendant Sawyer went to trial alone, and his trial showed the following facts.

A few months before the arrests, Guzman told Garcia that he had a friend (Sawyer) who wanted to buy some cocaine. Garcia contacted Montas about purchasing cocaine through Montas.

Approximately a week before the arrests, Garcia learned that Montas had located a source for the cocaine. Garcia agreed to buy two kilograms of cocaine from Montas at a price of $23,500 per kilogram. Garcia informed Guzman, and Guzman indicated that his friend (Sawyer) was interested in purchasing the cocaine at this price.

On May 29, 2008, the day of the arrests, Balbuena attempted to buy cocaine

2

from an undercover police officer, Detective Derrick Gilbert. Balbuena was arrested and agreed to cooperate with the police. Balbuena led Detective Gilbert and a confidential source for the police ("CS") to a restaurant where the Garcia/Montas deal was to occur.

On that same day, Garcia went to Guzman's apartment. Defendant Sawyer arrived at the apartment later on, after which Garcia noticed that there was a plastic bag containing money in the apartment. Garcia spoke with Montas by telephone about the cocaine deal and agreed to meet Montas at a gas station.

Defendant Sawyer, along with Guzman, Garcia, and a female driver, drove to the gas station in a sport utility vehicle ("SUV"), during which time a plastic bag containing the money was at Sawyer's feet. At the gas station, they met Montas and followed him to a restaurant.

At the restaurant, Montas went inside to met with Balbuena and the CS. The three then exited the restaurant and approached the SUV. Defendant Sawyer showed the money to Balbuena and the CS.

Either Balbuena or the CS asked who was going to test the cocaine. Defendant Sawyer got out of the SUV and was led by Balbuena and the CS into Detective Gilbert's undercover vehicle, parked nearby. Defendant Sawyer entered the front passenger-side compartment of the undercover vehicle, and Balbuena and

Montas boarded the rear passenger area, while the CS waited outside the undercover vehicle. Detective Gilbert, who was in the driver's seat and had placed a bag containing two kilograms of cocaine on the console, asked Montas who the drugs were for. Montas indicated that he and Sawyer intended to purchase the cocaine. Detective Gilbert opened the bag and placed it in Sawyer's lap. Sawyer sampled the cocaine and approved.

Defendant Sawyer then told Gilbert that Sawyer was going to retrieve the money to purchase the cocaine, and Sawyer next returned to the SUV. Once at the SUV, Sawyer asked its occupants whether they knew the drug sellers and whether the sellers were "trustworthy." A short time later, a police team arrived at the scene and arrested Sawyer, Garcia, Montas, and Guzman. The police found a plastic bag containing $44,720 in cash inside the SUV.

## B.    Indictment and Trial

A grand jury indicted defendant Sawyer, Balbuena, Garcia, and Montas,[1] with a single count each of knowingly and willingly conspiring to possess with intent to distribute 500 grams or more of cocaine, from at least April 29, 2008 to May 29, 2008, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846.

Montas pled guilty to the single drug conspiracy count in the indictment;

---

[1]Guzman was not indicted.

4

Garcia pled guilty to misprision of a felony; and Balbuena initially signed a plea agreement as to the drug conspiracy count in the indictment, but failed to appear for his plea hearing and is a fugitive. Defendant Sawyer proceeded to trial alone and was convicted. The district court sentenced Sawyer to thirty years' imprisonment. Sawyer timely appealed.

## II. DISCUSSION

### A.    Prior Convictions

Sawyer first contends that the district court abused its discretion in admitting these prior drug convictions under Federal Rule of Evidence 404(b): (1) a 1997 conviction in Florida for possession of cocaine; (2) a 1998 conviction in Florida for possession of cocaine with intent to sell; and (3) two 1999 convictions in Florida for sale and possession of cocaine.[2] Sawyer argues that these prior convictions were not admissible under Rule 404(b) because (1) none of these prior convictions is for *conspiracy* to possess cocaine, and (2) they were too remote in time (each at least ten years old) to be probative of his intent to commit the offense for which he was tried.

Federal Rule of Evidence 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the

_____

[2]We review the district court's decision to admit or exclude evidence for abuse of discretion. United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005).

5

character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). We use this three-part test to determine whether prior bad acts, including convictions, are admissible under Rule 404(b):

First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice . . . .

United States v. Matthews, 431 F.3d 1296, 1310-11 (11th Cir. 2005) (quotation marks omitted).

Under the first prong, "in every conspiracy case, a not guilty plea renders the defendant's intent a material issue. Evidence of such extrinsic evidence as may be probative of a defendant's state of mind is admissible unless the defendant affirmatively takes the issue of intent out of the case." Id. at 1311 (alterations and internal quotation marks omitted). We have held that convictions for non-conspiracy drug offenses are admissible pursuant to Rule 404(b) for the purpose of demonstrating a defendant's intent to conspire to possess with intent to distribute cocaine. See, e.g., United States v. Butler, 102 F.3d 1191, 1196 (11th Cir. 1997) (upholding admission of a prior conviction for possession of cocaine for purposes of demonstrating defendant's intent in the charged conspiracy for possession with

6

intent to distribute); see also United States v. Cardenas, 895 F.2d 1338, 1341-45 (11th Cir. 1990) (upholding admission of testimony regarding defendant's prior use of and trafficking in cocaine, where defendant was charged with conspiracy to possess with intent to distribute cocaine).

Here, under this Court's binding precedent, Sawyer put his intent at issue by pleading not guilty and failing to take any affirmative step to remove intent as an issue. See Matthews, 431 F.3d at 1311. And Sawyer's prior cocaine-related convictions are relevant to his intent to commit the charged offense. Thus, the first prong was satisfied.

As to the second prong, Sawyer does not challenge the sufficiency of the evidence showing the prior convictions or the extrinsic acts underlying those convictions. Thus, the second prong is not at issue. See Matthews, 431 F.3d at 1311 n.14 (concluding that where the defendant does not challenge the sufficiency of the evidence supporting the extrinsic act, the second prong need not be considered).

Under the third prong, whether the probative value of Rule 404(b) evidence substantially outweighs its prejudicial effect calls for a "common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well

as temporal remoteness." United States v. Jernigan, 341 F.3d 1273, 1282 (11th Cir. 2003) (quotation marks omitted). "[C]ircuit precedent regards virtually any prior drug offense as probative of the intent to engage in a drug conspiracy . . . ." Matthews, 431 F.3d at 1311. "[T]emporal remoteness is an important factor to be considered as it depreciates the probity of the extrinsic offense." Id. (quotation marks omitted). However, we "ha[ve] refrained from adopting a bright-line rule with respect to temporal proximity because decisions as to impermissible remoteness are so fact-specific that a generally applicable litmus test would be of dubious value." Id. (quotation marks omitted). Thus, a defendant "bears a heavy burden in demonstrating an abuse of the court's broad discretion in determining if an extrinsic offense is too remote to be probative." Id. (quotation marks omitted).

Here, three of Sawyer's prior convictions were for sale of cocaine or possession with intent to sell, and one of the convictions was for possession of cocaine. These convictions are similar to the cocaine conspiracy charge for which Sawyer was tried. See Cardenas, 895 F.2d at 1344 ("Evidence of prior drug dealings is highly probative of intent to distribute a controlled substance, as well as involvement in a conspiracy.") (quotation marks omitted). Further, although the earliest of Sawyer's prior convictions occurred approximately eleven years before the offense conduct in the present case, this Court has held that longer periods did

not render admission of such Rule 404(b) evidence improper.  See United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995) (determining that a time period of approximately fifteen years was not too remote).  Moreover, in Sawyer's case the district court instructed the jury that his prior convictions must be considered only to determine Sawyer's state of mind or intent with respect to his commission of the charged offense.  See United States v. Diaz-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993) (concluding prejudice could be mitigated by giving a cautionary instruction on the limited use of such evidence).  Given these circumstances, the district court did not abuse its discretion in determining the probative value of Sawyer's prior convictions was not substantially outweighed by any prejudicial effect and in admitting Sawyer's prior convictions.

**B.    Government's Motion to Reopen**

Defendant Sawyer next claims the district court abused its discretion in granting the government's motion to reopen its case-in-chief to admit Sawyer's prior convictions, because this placed "undue emphasis" on them.

"'[I]t is well established that a trial court may permit the reopening of a case in order that omitted evidence may be presented.  Considerable latitude in discretion is vested in the trial court in such matters.'"  United States v. Molinares, 700 F.2d 647, 652 (11th Cir. 1983) (quoting Maggard v. Wainwright, 432 F.2d

9

941, 942 (5th Cir. 1970)).  "[W]e will not disturb the district court's exercise of discretion unless the circumstances of the case show that [the defendant] suffered actual prejudice in the conduct of his defense."  Id. (citing United States v. Marino, 562 F.2d 941, 944 (5th Cir. 1977)[3]).

Here, on October 1, 2008 – fourteen days before trial – the government filed a notice of prior convictions, listing Sawyer's 1997 conviction in Florida for possession of cocaine and a 2000 conviction in Florida for possession of cocaine with intent to sell.  On October 8, 2008, the government submitted an amended notice of prior convictions that omitted the 2000 conviction, but included Sawyer's 1997, 1998, and two 1999 drug convictions.  At a hearing the day before trial, the court ruled that the convictions were admissible.  Sawyer was tried on October 15, 2008, but the government did not introduce the prior convictions during its case-in-chief.  After both the government and the defense rested, the government moved to reopen its case to introduce the prior convictions pursuant to Rule 404(b).  The district court granted the motion.

We conclude that the district court did not abuse its discretion in granting the motion to reopen.  First, Sawyer does not contest that he was in fact convicted of

_____

[3]In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), this court held that all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981, are binding precedent in the Eleventh Circuit.

10

the offense in each conviction. Second, Sawyer had notice that the government was intending to introduce the convictions as early as October 1, 2008 (for the 1997 conviction) and October 8, 2008 (for the 1998 and 1999 convictions). Consequently, that the government intended to introduce the prior convictions was not a surprise to Sawyer, and Sawyer has shown no reversible error as to the timing of their admission. See United States v. Wilcox, 450 F.2d 1131, 1143-44 (5th Cir. 1971) (finding no abuse of discretion where district court permitted government to reopen its rebuttal case to recall defendant for purpose of asking whether defendant had ever been convicted of a felony, notwithstanding defendant's claim that this would place "undue emphasis" on defendant's felony conviction). Third, Sawyer's argument of undue emphasis is also undercut by the fact that the district court gave a limiting instruction that the jury was to consider the prior convictions only as to state of mind or intent.

**C.    Admission of Hearsay Testimony**

Sawyer next argues that the district court erred in admitting hearsay testimony. Specifically, Sawyer claims the district court should have excluded on hearsay grounds Garcia's testimony that Guzman had a friend (referring to Sawyer) who was asking about buying cocaine.

During Garcia's direct examination, the government elicited this testimony:

11

| | |
|---|---|
| [PROSECUTOR]: | How long before the events of May 29th of 2008 did you have knowledge of a potential cocaine transaction? |
| [GARCIA]: | A few months. |
| [PROSECUTOR]: | Who presented this idea to you? |
| [GARCIA]: | A friend. His name is Henry Guzman. |
| [PROSECUTOR]: | What did Henry Guzman tell you or ask you when you first learned about a potential cocaine transaction? |
| [GARCIA]: | What is the question? |
| [PROSECUTOR]: | What did Henry Guzman ask you or tell you about this potential cocaine transaction? |
| [DEFENSE COUNSEL]: | Objection, hearsay. |
| THE COURT: | Overruled. |
| [PROSECUTOR]: | You may answer the question. |
| [GARCIA]: | That he had a friend and acquaintance -- that he had a friend that was asking him about the cocaine. |

The government asked Garcia if Guzman identified the friend, and Sawyer objected. The district court concluded the testimony was admissible under Federal Rule of Evidence 801(d)(2)(E). The government continued to question Garcia:

| | |
|---|---|
| [PROSECUTOR]: | Who did Henry Guzman identify as his friend who wanted the cocaine? |
| [GARCIA]: | He said they were black, like black from St. Pete. |
| [PROSECUTOR]: | And did you meet this friend? |
| [GARCIA]: | We all met on the 29th at Guzman's house. |
| [PROSECUTOR]: | That's May 29th, the day you were arrested? |
| [GARCIA]: | Yes. |
| [PROSECUTOR]: | Do you see this friend in court today? |
| [GARCIA]: | Yes. |

Garcia then identified Sawyer in the courtroom.

Hearsay is inadmissible unless it meets one of the exceptions to the hearsay

12

rule.  See Fed. R. Evid. 802.  Under Rule 801(d)(2)(E), statements made by a

coconspirator in furtherance of a conspiracy are not hearsay.  Fed. R. Evid.

801(d)(2)(E).  For a statement to constitute non-hearsay by a coconspirator, the

government must show by a preponderance of the evidence that:

> (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy.  In determining the admissibility of co-conspirator statements, the trial court may consider both the co-conspirator's statements and independent external evidence.

United States v. Flores, 572 F.3d 1254, 1264 (11th Cir.), cert. denied, 130 S. Ct.

561, 130 S. Ct. 562, and 130 S. Ct. 568 (2009) (quoting United States v. Hasner,

340 F.3d 1261, 1274 (11th Cir. 2003)).  The district court's factual determinations

that the conspiracy existed and that the statement was made in furtherance of that

conspiracy are reviewed under the clearly erroneous standard. United States v.

Tokars, 95 F.3d 1520, 1538 (11th Cir. 1996) (citing United States v. Allison, 908

F.2d 1531, 1533-34 (11th Cir. 1990)).

Here, the evidence reflected that a conspiracy to purchase cocaine existed

between the declarant, Guzman, and the defendant, Sawyer, at the time of

Guzman's statement.  First, the very statement made by Guzman to Garcia, "that

[Guzman] had a friend that was asking him about the cocaine," shows that Guzman

and his friend (Sawyer) already had discussed a potential cocaine transaction

13

before Guzman made the statement to Garcia. Second, other evidence presented at trial shows that Guzman and Sawyer had agreed to participate in a cocaine transaction at the time Guzman's statement to Garcia was made. For example, Garcia testified he knew about a potential cocaine deal "[a] few months" before the deal, when Guzman requested cocaine on his friend's behalf. "[A] week" before the transaction, Garcia learned that Montas had found a source for the cocaine, and Montas and Garcia agreed on a purchase price for two kilograms of cocaine. Garcia shared the price with Guzman, and Guzman indicated that his friend (Sawyer) was still interested in purchasing the cocaine. Finally, Sawyer arrived at Guzman's apartment and participated in the cocaine transaction. As a result, the trial evidence shows that a conspiracy existed between Sawyer and Guzman at the time Guzman's statement to Garcia was made. Because Sawyer and Guzman were coconspirators when the challenged statement was made, the district court did not abuse its discretion in admitting Garcia's testimony that Guzman's friend was interested in purchasing cocaine.

## D.    Sufficiency of the Evidence

Sawyer's final argument challenges the sufficiency of the evidence to support his conviction.[4]

---

[4]We review the sufficiency of the evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government, and drawing all reasonable inferences

14

Conspiracy to possess cocaine with intent to distribute requires the government to prove beyond a reasonable doubt "(1) that a conspiracy existed; (2) that the defendant knew of it; and (3) that the defendant, with knowledge, voluntarily joined it." United States v. Molina, 443 F.3d 824, 828 (11th Cir. 2006) (quoting United States v. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995)).  The agreement forming the basis of the conspiracy can be proved "by circumstantial evidence, through 'inferences from the conduct of the alleged participants or from circumstantial evidence of a scheme.'" United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990) (quoting United States v. Tamargo, 672 F.2d 887, 889 (11th Cir. 1982)).  "Where the government's case is circumstantial, reasonable inferences, and not mere speculation, must support the jury's verdict." United States v. Mejia, 97 F.3d 1391, 1392 (11th Cir. 1996) (quotation marks omitted).  "Mere presence, guilty knowledge, even sympathetic observation" and close association with a coconspirator are insufficient, without more, to support a conviction for conspiracy to distribute drugs.  United States v. Lyons, 53 F.3d 1198, 1201 (11th Cir. 1995).  Yet, such factors may raise a permissible inference of participation in a conspiracy, which the jury may consider as a "material and probative factor . . . in reaching its decision." United States v. Hernandez, 896

and credibility choices in favor of the jury's verdict.  United States v. Rodriguez, 218 F.3d 1243, 1244 (11th Cir. 2000).

F.2d 513, 518 (11th Cir. 1990).

"A defendant's knowing participation in a conspiracy may be established through proof of surrounding circumstances such as acts committed by the defendant which furthered the purpose of the conspiracy." United States v. Bain, 736 F.2d 1480, 1485 (11th Cir. 1984). The evidence of prior drug activity may establish intent. United States v. Roberts, 619 F.2d 379, 383-84 (5th Cir. 1980) (concluding that a prior conviction increases the likelihood that the defendant intended to conspire to commit similar subsequent criminal conduct).

We readily conclude that the evidence was sufficient for the jury to infer that Sawyer was a part of the charged conspiracy to possess cocaine with intent to distribute. The evidence showed that Garcia and Guzman negotiated to purchase two kilograms of cocaine on Sawyer's behalf, that Sawyer traveled with others to purchase the cocaine, that Sawyer had $44,720 in cash to buy the cocaine in his possession during the drive to the site where the deal occurred, that coconspirator Montas indicated to Detective Gilbert that he and Sawyer wanted to buy the cocaine, and that Sawyer tested the cocaine and then returned to the SUV to retrieve the money, asking if the sellers were "trustworthy." Furthermore, the government offered evidence of Sawyer's four prior convictions for cocaine-related offenses. The evidence amply supported Sawyer's conviction.

16

## III. CONCLUSION

For all the foregoing reasons, we affirm Sawyer's conviction.[5]

**AFFIRMED.**

---

[5]On appeal, defendant Sawyer made no challenges to his sentence.