[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12241
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 16, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00433-CR-T-27EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DELORES VANILLA SHULER,
JOHN BAPTISTE PIERRE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida

_____

(April 16, 2010)

Before TJOFLAT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Delores Vanilla Shuler appeals from her conviction for possession of cocaine, in violation of 21 U.S.C. § 844, and John Baptiste Pierre appeals from his convictions and 130-month sentences for four counts of possession with intent to distribute, in violation of 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). On appeal, Shuler challenges only her conviction, arguing that the district court erred in denying her motion for judgment of acquittal. Pierre, however, challenges both his conviction and sentences, arguing that the district court: (1) erred in denying his motion for judgment of acquittal; (2) erred in denying his motion to sever counts; (3) abused its discretion when it refused to make the instruction for simple possession applicable to Pierre for all five counts; and (4) clearly erredy when it applied the obstruction-of-justice enhancement. After thorough review, we affirm.

1.

First, we reject the claims by Shuler and Pierre that the district court erred in denying their motions for judgment of acquittal. We review de novo the district court's denial of a motion for judgment of acquittal, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Tampas, 493 F.3d 1291, 1297-98 (11th Cir. 2007) (quotation omitted). "The jury is free to

2

choose among alternative reasonable interpretations of the evidence . . . and the government's proof need not exclude every reasonable hypothesis of innocence." Id. at 1298 (citation and quotation omitted). We will affirm "if a reasonable juror could have concluded that the evidence established [the defendant's] guilt beyond a reasonable doubt." Id.

Under the "waiver doctrine," a defendant waives his objection to the denial of his motion for judgment of acquittal made at the close of the Government's evidence if he presents evidence on his behalf following that denial. United States v. White, 611 F.2d 531, 536 (5th Cir. 1980).[1] "If a defendant renews his motion for judgment of acquittal at the end of all the evidence, the 'waiver doctrine' requires the reviewing court to examine all the evidence rather than to restrict its examination to the evidence presented in the Government's case-in-chief." Id.

If a defendant chooses to testify on his own behalf, any statements he makes, "if disbelieved by the jury, may be considered as substantive evidence of the defendant's guilt." United States v. Williams, 390 F.3d 1319, 1325 (11th Cir. 2004) (quotation omitted). Thus, the jury is entitled not only to disbelieve the defendant's testimony but also to conclude the opposite of what he said is true. Id. at 1325-26. "This rule applies with special force where the elements to be proved

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), we adopted as binding precedent all decisions of the Fifth Circuit issued before October 1, 1981.

for a conviction include highly subjective elements: for example, the defendant's intent or knowledge." Id. at 1326 (citation omitted).

To establish the crime of possession with intent to distribute, the government must establish three elements: (1) knowledge, (2) possession, and (3) intent to distribute. United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008). Possession of a controlled substance is a lesser-included offense, which does not require proof of intent to distribute. See United States v. Catchings, 922 F.2d 777, 780 (11th Cir. 1991). Possession may be established by showing either actual or constructive possession. United States v. Hernandez, 433 F.3d 1328, 1333 (11th Cir. 2005). Constructive possession may be exclusive or joint. United States v. Tamargo, 672 F.2d 887, 890 (11th Cir. 1982). "Constructive possession exists when a defendant has ownership, dominion, or control over an object itself or dominion or control over the premises . . . in which the object is concealed." Hernandez, 433 F.3d at 1333 (quotation omitted). There must be some nexus between the defendant and the contraband. Holmes v. Kucynda, 321 F.3d 1069, 1080 (11th Cir. 2003).

"[M]ere presence at the crime scene is insufficient to prove guilt beyond a reasonable doubt" but "it is material, highly probative, and not to be discounted." United States v. Gamboa, 166 F.3d 1327, 1331-32 (11th Cir. 1999) (quotation

4

omitted). Additionally, there is sufficient evidence to support a conviction when "presence is combined with other evidence from which guilt can be inferred." United States v. Mejia, 97 F.3d 1391, 1393 (11th Cir. 1996).

Evidence showing a "consciousness of guilt" is sufficient to support an inference that the defendant had the requisite knowledge. United States v. Leonard, 138 F.3d 906, 909 (11th Cir. 1998). Moreover, in order "to sustain a conviction for possession with intent to distribute a controlled substance, it need not be proved that the defendant had knowledge of the particular drug involved, as long as he knew he was dealing with a controlled substance." United States v. Gomez, 905 F.2d 1513, 1514 (11th Cir. 1990). Thus, we upheld a conviction for possession with intent to distribute more than five kilograms of cocaine where the defendant admitted that he knew drugs were hidden in the car but maintained that he believed it to be only a small quantity of marijuana. Id.

To establish possession of a firearm in furtherance of a drug crime under 18 U.S.C. § 924(c)(1)(A), the government must prove that "the firearm helped, furthered, promoted, or advanced drug trafficking." Mercer, 541 F.3d at 1076 (quotation omitted). The government must show a nexus between the firearm and the drug trafficking. Id. "The nexus may be established by the kind of drug activity that is being conducted, accessibility of the firearm, the type of firearm,

5

whether the firearm is stolen, the status of the possession (legitimate or illegal), whether the firearm is loaded, proximity of the firearm to the drugs or drug profits, and the time and circumstances under which the firearm is found." Id. at 1076-77 (citation omitted).

As an initial matter, because both Pierre and Shuler chose to present evidence after the close of the government's case-in-chief, the waiver doctrine applies, and we must consider all of the evidence presented at trial rather than limiting our review to the evidence presented in the government's case-in-chief. See White, 611 F.2d at 536. Additionally, because they both testified as part of their defense, if the jury disbelieved their testimony, it was free to conclude that the opposite of what was testified to was true and use that as substantial evidence against the testifying defendant. See Williams, 390 F.3d at 1325-26.

On the record here, there was sufficient evidence to sustain Shuler's conviction because she (1) evidenced a consciousness of guilt when she hid the drugs in her body, see Leonard, 138 F.3d at 909, and (2) admitted that she knew that she was hiding marijuana. See Gomez, 905 F.2d at 1514.[2]

---

[2] We need not address whether there was sufficient evidence for a jury to find that she intended to distribute that cocaine. Even if we were to conclude on de novo review that there was not sufficient evidence to establish Shuler's intent, that conclusion would not necessitate a new trial. The district court recognized at the time it issued its ruling that an instruction on the lesser-included offense might be appropriate, the government could have sought an instruction on the lesser-included offense if Shuler's motion for judgment of acquittal had been granted, and there was sufficient evidence to support the conviction actually imposed. See Fed. R. Crim. P.

There also was sufficient evidence to sustain Pierre's conviction on Count One because he admitted he intended to sell the cocaine. As for Counts Two to Five, Pierre argues that the evidence was insufficient to establish that he possessed either the drugs or the firearms. While mere presence at the scene is insufficient to convict him, it is a relevant consideration when combined with other evidence from which guilt can be inferred. See Mejia, 97 F.3d at 1393. Thus, the evidence showing that he spent a considerable amount of time at 226 Century Boulevard, had previously conducted drug transactions at that location, and had some of his personal belongings there all suggest that he exercised some degree of possession and control over the premises. Moreover, the jury was free to disbelieve his denials and conclude the opposite of what he claimed, including that the drugs and firearms belonged to him. See Williams, 390 F.3d at 1325-26. Therefore, there was sufficient evidence to sustain both Shuler's and Pierre's convictions.

2.

Next, we are unpersuaded by Pierre's claim that his motion to sever should have been granted. We typically undertake a two-step review when determining whether separate counts were properly tried together. United States v. Hersh, 297 F.3d 1233, 1241 (11th Cir. 2002). First, we review de novo whether the initial

31(c)(1).

7

joinder was proper under Federal Rule of Criminal Procedure 8(a). Id. Second, we determine whether the district court abused its discretion under Federal Rule of Criminal Procedure 14 when denying the motion to sever. Id.

The district court abuses its discretion when "compelling prejudice" results from the joinder. Id. at 1243. The test for compelling prejudice is whether "under all the circumstances of a particular case it is within the capacity of jurors to follow a court's limiting instructions and appraise the independent evidence against a defendant solely on that defendant's own . . . conduct in relation to the allegations contained in the indictment and render a fair and impartial verdict." Id. (citation and quotation omitted; alteration in original). If this is within the capacity of jurors, then there is no compelling prejudice even if it is difficult for them. Id.

If any possible prejudice resulting from the joinder can be cured through a limiting instruction, then severance is not required. Id. at 1244. Accordingly, we held that a district court did not abuse its discretion where "the jury was expressly instructed that it was to consider each count of the Indictment separately and was further instructed that merely finding [the defendant] guilty of one charged offense was not to influence its verdict as to the other charged offenses." United States v. York, 428 F.3d 1325, 1334 (11th Cir. 2005). We presume the jury was able to follow the court's instructions and properly evaluate the separate evidence absent

8

proof to the contrary. Hersh, 297 F.3d at 1244. We also require the defendant to present some proof of "actual prejudice or jury confusion." Id.

Pierre has not shown compelling prejudice with respect to Count One.[3] He conceded his guilt to that count when he testified at trial, and asserts in his brief that he wanted to "plead guilty" with respect to that count. However, compelling prejudice is not established merely because the defendant would like to testify regarding some counts but not others. Id. at 1243 n.15.

Pierre's argument that the district court's refusal to sever the counts allowed the jury to consider proof applicable to only one offense to find him guilty of the other offenses, even though such proof would not have been admissible in a separate trial, also fails. Evidence of prior and subsequent bad acts is admissible under Federal Rule of Evidence 404(b) to prove intent, and the government made clear that even if the counts were severed, it would seek to introduce all of the evidence in both trials.

We likewise disagree with Pierre's claim that the jury was unable to follow the court's limiting instructions. He offers the fact that it was revealed during voir dire that some jurors would find the defendant guilty of all the charges if he

---

[3] Because Pierre has not challenged the propriety of the initial joinder of the offenses, we need only consider whether the district court abused its discretion in denying the motion to sever.

admitted guilt to one of those charges, as evidence of the jury's inability to follow those instructions. However, none of the questionable jurors actually sat on the jury. Therefore, Pierre has not contradicted the presumption that the jury follows the court's instructions. See Hersh, 297 F.3d at 1244. We therefore affirm the district court's denial of Pierre's motion to sever.

3.

We also find no merit in Pierre's claim that the district court abused its discretion when it refused to make the instruction for simple possession, a lesser-included offense for the possession with intent to distribute charged in the indictment, applicable to Pierre for all five counts. We review a district court's refusal to give a requested jury instruction for abuse of discretion. United States v. Lee, 68 F.3d 1267, 1273 (11th Cir. 1995). "An abuse of discretion may occur where the evidence would permit a rational jury to find the defendant guilty of the lesser offense and not the greater." Id. However, a lesser-included offense instruction is not proper where the factual issues to be resolved by the jury are the same as to both the lesser and greater offense. Catchings, 922 F.2d at 780. Moreover, "[w]hen a defendant relies on an exculpatory defense that, if believed, would lead to acquittals on both the greater and lesser charges, it is no abuse of discretion to refuse to instruct the jury on a lesser included offense." United States

10

v. Brown, 26 F.3d 119, 120 (11th Cir. 1994).

Here, although Pierre argues that the district court abused its discretion by not instructing the jury that they could find Pierre guilty of simple possession rather than possession with intent to distribute on Count One, at trial he admitted his intent to distribute the cocaine. As a result, no rational jury could find him guilty of simple possession but not possession with intent to distribute as to Count One. See Lee, 68 F.3d at 1273.

As for Counts Two through Four, Pierre's defense rested on the theory that he did not possess the drugs seized from 226 Century Boulevard. If the jury found that the government had not established possession, then it could not convict him of either crime. Therefore, a lesser-included offense instruction would not have been proper. See Brown, 26 F.3d at 120.

4.

Finally, we disagree with Pierre's argument that the district court committed clear error when it applied the obstruction-of-justice enhancement because it did not make specific findings concerning which trial testimony amounted to perjury and voiced doubts as to whether "Pierre was the drug dealer the government painted him to be." We review a district court's application and interpretation of the Guidelines de novo, and its factual findings for clear error. United States v.

Rhind, 289 F.3d 690, 693 (11th Cir. 2002). "For a factual finding to be clearly erroneous, . . . after reviewing all of the evidence, [we] must be left with a definite and firm conviction that a mistake has been committed." United States v. Rodriguez-Lopez, 363 F.3d 1134, 1137 (11th Cir. 2004) (quotation omitted).

Under the Sentencing Guidelines, a two-level enhancement is applied for obstruction of justice if the defendant, among other things, commits perjury. U.S.S.G. § 3C1.1. For purposes of applying this enhancement, perjury is defined as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). A matter is material where "if believed, [it] would tend to influence or affect the issue under determination." United States v. Singh, 291 F.3d 756, 763 (11th Cir. 2002).

If it determines that the obstruction of justice enhancement applies, the district court should "make specific findings as to each alleged instance of obstruction by identifying the materially false statements individually." Id. (citation and quotation omitted). "However, a general finding that an enhancement is warranted suffices if it encompasses all of the factual predicates necessary for a perjury finding." Id. (quotation omitted). Finally, we afford "great deference to the district court's credibility determinations." Id. at 763-64 (quotation omitted).

12

As the record shows, the district court made sufficient factual findings to justify the imposition of the enhancement. At the sentencing hearing, the government argued that Pierre perjured himself by denying possession of the drugs and firearms at 226 Century Boulevard. The district court then pointed out a list of facts tending to contradict his testimony and noted that the jury did not believe Pierre's testimony. The facts relied on by the district court were gleaned from the testimony of the government's witnesses. The district court's determination that the testimony of those witnesses was more credible than Pierre's testimony is entitled to deference. See id. at 763. The district court then specifically found by a preponderance of the evidence that Pierre had perjured himself through his testimony. Therefore, the district court's findings were sufficiently detailed.

Moreover, his false testimony concerned a material matter. One of the elements that the government had to establish was his possession of the drugs and firearms. His denials, if believed, would have led the jury to conclude that the government had not established the element of possession. Accordingly, we affirm the district court's application of the obstruction of justice enhancement.

**AFFIRMED.**