[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12565
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 15, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:09-cr-00052-JA-GRJ-2

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOSE BECERRA-BECERRA,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 15, 2011)

Before EDMONDSON, BARKETT and ANDERSON, Circuit Judges.

PER CURIAM:

Jose Becerra-Becerra appeals his convictions for drug conspiracy and drug

possession, 21 U.S.C. §§ 841(a)(1), 846. No reversible error has been shown; we affirm.

On appeal, Becerra-Becerra argues that the district court erred in denying his motion to suppress because no probable cause existed for the police officer to believe a traffic violation had occurred.[1] In considering the district court's denial of a motion to suppress, we review fact determinations for clear error and the application of law to the facts de novo. United States v. Boyce, 351 F.3d 1102, 1105 (11th Cir. 2003). And we construe all facts in the light most favorable to the prevailing party. Id.

"A traffic stop is a seizure within the meaning of the Fourth Amendment." United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001). A decision to stop a vehicle is reasonable under the Fourth Amendment when an officer has probable cause to believe that a traffic violation occurred. United States v. Simmons, 172 F.3d 775, 778 (11th Cir. 1999).

Here, the officer testified that he observed Becerra-Becerra driving on Interstate 75 at a speed of 70 miles per hour. The officer next observed Becerra-

---

[1]During the traffic stop, the officer's partner arrived with a drug-sniffing dog. The dog alerted to the presence of drugs; and the officers later discovered cocaine hidden in the vehicle. In the district court, Becerra-Becerra also argued that the officers unlawfully prolonged the duration of the traffic stop; but on appeal, he offers no argument on this issue and, thus, has abandoned it. See United States v. Curtis, 380 F.3d 1308, 1310 (11th Cir. 2004).

Becerra suddenly change from the center lane to the left lane and, when he did so, Becerra-Becerra was following the car in front of him by only about one or two car lengths. According to the officer, for every 10 miles per hour, there should be one car length between vehicles, so at 70 miles per hour, seven car lengths should have existed between Becerra-Becerra's vehicle and the other vehicle.

Under Florida law,

> [t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon, and the condition of, the highway.

Fla. Stat. § 316.0895(1); see also Velez v. State, 554 So.2d 545, 546-47 (Fla. Dist. Ct. App. 1989) (upholding a traffic stop as valid when the police officer observed defendant driving at 55 miles per hour two car lengths behind another vehicle, in violation of section 316.0895(1)).

On this record, we cannot say it was unreasonable for the officer to stop Becerra-Becerra because the officer's observation of his driving at 70 miles per hour, but following only one or two car lengths behind the vehicle in front of him, gave the officer probable cause to think a violation of section 316.0895(1) had occurred. See Purcell, 236 F.3d at 1276 n.5 (concluding that a distance of three

car lengths reasonably could have been interpreted by an officer as violating section 316.0895(1)). Becerra-Becerra's appellate assertion that the highway conditions were such that following another vehicle by one to two car lengths was reasonable under the circumstances is unavailing. Because the officer had probable cause to stop Becerra-Becerra for following another vehicle too closely, the district court committed no error in denying the motion to suppress.[2]

Becerra-Becerra also challenges the district court's jury instructions on his section 841 offense. During jury deliberations, the jury posed a question to the district court about whether the jury had to convict "only on the defendant's knowledge of a 'specific drug' or simply a 'controlled substance.'" The court responded that it was "not necessary that a defendant know the identity of a controlled substance as long as defendant knew it was a controlled substance." Becerra-Becerra argues that drug type is an essential element of a section 841 offense, so the district court's response was erroneous as a matter of law and a violation of his constitutional rights. We review de novo "whether the district court misstated the law when instructing the jury or misled the jury to the

---

[2]Because we conclude that probable cause supported the officer's decision to stop Becerra-Becerra for following too closely, we need not decide whether probable cause supported the officer's other reason for stopping Becerra-Becerra: his failure to use a signal when changing lanes.

4

prejudice of the defendant." United States v. Deleveaux, 205 F.3d 1292, 1296 (11th Cir. 2000).

The district court gave the jury the correct instructions. Section 841(a)(1) makes it illegal for anyone to distribute or possess with intent to distribute a "controlled substance." 21 U.S.C. § 841(a)(1). To sustain a conviction under section 841(a)(1), the government must prove the defendant (1) knowingly, (2) possessed a controlled substance, (3) with intent to distribute it. See United States v. Baker, 432 F.3d 1189, 1233 (11th Cir. 2005). The government need not prove that defendant had knowledge of the particular drug involved, but must prove only that defendant knew he was dealing with some controlled substance. United States v. Mejia, 97 F.3d 1391, 1392-93 (11th Cir. 1996) (citing United States v. Gomez, 905 F.3d 1513, 1514 (11th Cir. 1990)). Thus, because our precedent says that drug type is not an essential element of a section 841(a)(1) offense, the district court committed no error in its instruction to the jury.[3]

AFFIRMED.

---

[3]Becerra-Becerra's contention that the district court's answer to the jury's question conflicted with the court's earlier instruction on conspiracy is incorrect. The conspiracy instruction explained that the jury could find that Becerra-Becerra was a member of the conspiracy if they concluded that he had a "general understanding of the unlawful purpose of the plan." The instruction noted that the jury could consider Becerra-Becerra's knowledge of "the nature . . . of the substance involved" in making this conclusion; but the instruction did not require the jury to take this knowledge into consideration.