**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alberto GOMEZ, Defendant–Appellant.**

No. 89–8686.

United States Court of Appeals,
Eleventh Circuit.

July 13, 1990.

Suzanne Hashimi, Federal Defender Program, Inc., Atlanta, Ga., for defendant-appellant.

Carolyn J. Adams, Asst. U.S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before ANDERSON, Circuit Judge, MORGAN* and RONEY*, Senior Circuit Judges.

RONEY, Senior Circuit Judge:

A defendant can be convicted of a controlled substance offense without proof that he knew the exact drug that was involved. This sentencing case raises the question of whether a mandatory minimum sentence for cocaine can be imposed without proof that the defendant knew the drug involved was cocaine. We hold that it can, and affirm the district court's imposition of a mandatory minimum sentence for cocaine possession in a case where there was no

* See Rule 34–2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit.

finding that the defendant knew he possessed cocaine.

In exchange for $5,000 in cash offered by two men he had met in a Miami, Florida bar, defendant Alberto Gomez agreed to drive a car from Miami to a hotel parking lot in Detroit, Michigan, and leave the car there for several hours before driving it back to Miami. According to his statement to police, Gomez knew that some kind of drug was hidden in the car, but believed the drug to be marijuana, in a small quantity, because of what the two men had told him. He did acknowledge, however, that the men had supplied him with a packet of cocaine for the purpose of helping him "stay awake" during the drive.

While Gomez was driving to Detroit, a Georgia State Trooper stopped him for speeding on Interstate 75 in northern Georgia's Gordon County. Gomez consented to the Trooper's search of his vehicle, which uncovered the cocaine packet, as well as ten bundles concealed in the vehicle's rear quarter panels, containing more than ten kilograms of cocaine.

Gomez was subsequently charged in a three-count indictment with conspiracy to possess with intent to distribute cocaine (21 U.S.C.A. § 846), possession with intent to distribute more than five kilograms of cocaine (21 U.S.C.A. § 841(a)(1) and 18 U.S.C.A. § 2), and possession of cocaine (21 U.S.C.A. § 844(a) and 18 U.S.C.A. § 2). A fourth count, charging failure to appear in a court proceeding (18 U.S.C.A. § 3146(a)(1)), was added when Gomez failed to attend his bond hearing.

During its deliberations following the trial, the jury sent the district judge a note asking whether the defendant had to know that the concealed drug he transported was cocaine in order to be found guilty on the first two counts. The court correctly instructed the jury that defendant's knowledge that he was carrying *some* controlled substance would be sufficient, without his knowing exactly what drug he had. The jury's guilty verdicts on all counts reflected no determination on its part as to whether the defendant knew he was carrying cocaine.

At sentencing, the district court treated counts one and two as falling within 21 U.S.C.A. § 841(b)(1)(A)'s ten-year mandatory minimum sentence provision for offenses involving the distribution of more than 5 kilograms of cocaine, and imposed concurrent ten-year prison terms on each count. Gomez challenged his sentence on the ground that because his theory of defense had been that he believed the drug to be *marijuana,* and since the jury had not found that he knew otherwise, § 841(b)(1)(A)'s mandatory minimum penalty for *cocaine* offenses could not be invoked against him.

■ As to the conviction itself and the district court's instruction, it is well-settled that to sustain a conviction for possession with intent to distribute a controlled substance, it need not be proved that the defendant had knowledge of the particular drug involved, as long as he knew he was dealing with a controlled substance. *United States v. Lewis,* 676 F.2d 508, 512 (11th Cir.), *cert. denied,* 459 U.S. 976, 103 S.Ct. 313, 74 L.Ed.2d 291 (1982); *United States v. Restrepo–Granda,* 575 F.2d 524, 527 (5th Cir.), *cert. denied,* 439 U.S. 935, 99 S.Ct. 331, 58 L.Ed.2d 332 (1978); *United States v. Zapata,* 497 F.2d 95, 98 n. 7 (5th Cir. 1974).

■ As to sentencing, it is now equally well-settled that a defendant need not know the *quantity* of drug involved in the offense in order to be subject to a mandatory minimum sentence based on quantity under § 841(b)(1). *United States v. Holmes,* 838 F.2d 1175, 1178 (11th Cir.), *cert. denied,* 486 U.S. 1058, 108 S.Ct. 2829, 100 L.Ed.2d 930 (1988).

■ This is the first time we have held that a defendant need not be found to know the particular drug involved in order to receive a mandatory sentence based on the kind of drug under § 841(b)(1).

The rationale for this decision is essentially the same as that articulated in the cases cited above: those who, acting with a deliberate anti-social purpose in mind, become involved in illegal drug transactions, assume the risk that their actions will sub-

ject them to enhanced criminal liability. *Holmes*, 838 F.2d at 1178; *Restrepo–Granda*, 575 F.2d at 527–29.

The imposition of greater penalties for certain classes of offenses is routinely grounded in a legislative judgment that those who commit such offenses pose an enhanced threat to society at large. In this case, it is undisputed that Gomez knew he was engaging in conduct designed to introduce *some* illegal substance into the stream of commerce. He was doing this at the behest of two individuals whom, he claimed, he hardly knew. Yet he lacked even the minimal consideration for the public welfare that would have caused him to determine the substance's true identity before agreeing to transport it. One who demonstrates a lack of even this minimal societal consciousness shows himself to pose an alarming menace to the public safety, because he readily allows himself to become the instrument for others' criminal designs "so long as the price is right." Accordingly, where the facts concerning the type and quantity of drug involved in such a one's conduct ultimately prove to fit within § 841(b)(1), that defendant is properly given the enhanced sentence prescribed by that statute.

In *United States v. Alvarez*, 735 F.2d 461 (11th Cir.1984), relied upon by defendant, the sentences of four drug co-conspirators were reversed because neither the indictment nor the jury verdict made clear exactly what type or amount of drug was involved in the conspiracy for which the four were convicted. Here the indictment and the evidence at trial specified the type and quantity of drug involved.

 The sole remaining contentions on this appeal concern the district court's application of the Sentencing Guidelines to Gomez' failure-to-appear conviction, the only offense occurring after November 1, 1987, the effective date of the Guidelines. The court made an upward adjustment to the offense level based on Gomez' having obstructed justice, since he had used a false name and was in possession of false identification at the time of his arrest for failure to appear. The court declined to make a downward adjustment for acceptance of responsibility, citing, alternatively, the lateness of defendant's acceptance and the obstruction-of-justice finding. The district court's handling of these offense-level-adjustments is due to be affirmed without comment under Eleventh Circuit Rule 36–1.

AFFIRMED.