[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16366

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 6, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00376-CR-2-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ESCALANTE,
ALEJANDRO FLORES,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(April 6, 2007)**

Before BIRCH and PRYOR, Circuit Judges, and COVINGTON,* District Judge.

---

* The Honorable Virginia M. Hernandez Covington, United States District Judge for the Middle District of Florida, sitting by designation.

PER CURIAM:

Jose Escalante and Alejandro Flores appeal their convictions for drug trafficking offenses, and Flores challenges his life sentence. We affirm.

## I. BACKGROUND

On June 21, 2004, agents of the Drug Enforcement Agency received information that two suspected drug traffickers, Jose Escalante and Eduardo Garcia, were flying from Texas to Atlanta, but a surveillance team lost sight of the men after they arrived at the Atlanta airport and boarded a rental car shuttle. On July 14, 2004, Escalante and Garcia again arrived at the Atlanta airport, rented a sport utility vehicle, and drove to a hotel north of the airport. That night, the men drove 25 miles south to a truck stop on Interstate 85 near the City of Fairburn. DEA agents saw the men get out of the SUV while using their cell phones, check the trunk of the SUV, and enter the restaurant. The men sat near a window while they consumed a beverage and used their cell phones, then hurried out of the restaurant and drove back toward the interstate. Escalante and Garcia parked the SUV near a tractor trailer that was stopped on the shoulder of the I-85 northbound on-ramp. DEA agents saw several people talking and interacting between the two vehicles. After about ten minutes, the SUV drove onto I-85 toward Atlanta.

2

Officer Jody Thomas then approached the tractor trailer. Thomas identified the two men in the truck as Alejandro Flores and Steve Serdando-Sandoval and began to question them. Flores told Thomas that he was hauling a load of mangoes from Texas to New Jersey and the driver of the SUV had stopped because he thought the truck had broken down. Upon further questioning, Flores admitted that he knew the men in the SUV, had spoken with them on his cell phone, and had given them twenty-three bundles of drugs. After a short chase, DEA agents stopped the SUV and arrested Escalante and Garcia. Agents seized from the trunk of the SUV two duffel bags containing 23 two-kilogram bundles of cocaine. They also seized two cell phones from Escalante. Flores and Sandoval were then arrested.

A federal grand jury charged Escalante, Flores, Garcia, and Sandoval with several drug trafficking offenses. All four men were charged with conspiracy to possess with intent to distribute at least 15 kilograms of a substance containing cocaine, 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A)(ii), possessing with intent to distribute at least 15 kilograms of a substance containing cocaine, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and traveling in interstate commerce with the intent to promote a drug trafficking crime, 18 U.S.C. § 1952(a)(3). Escalante and Garcia

were also charged with using a communication facility to commit a drug trafficking crime. 21 U.S.C. §§ 843(b), 843(d)(1).

Before trial, Flores moved to suppress his statements, and Escalante moved to suppress the drug evidence. The district court denied the motions. Escalante, Flores, and Sandoval were jointly tried.

DEA Special Agent Keith Cromer was qualified as an expert witness regarding Mexican drug trafficking organizations. Cromer testified that these organizations employ load coordinators who use prepaid cell phones to communicate with truck drivers and evade law enforcement, and members of these organizations do not include outsiders when they are transporting drugs. Agent Cromer also testified about his surveillance of the defendants the night they were arrested.

Officer Thomas testified about Flores's confession and stated that no one else had heard the confession. Flores did not sign a Miranda waiver, and Thomas did not include the confession in his written report. At the close of the government's case, the court denied the defendants' motions for a judgment of acquittal.

Escalante and Sandoval then testified in their own defense. Escalante testified that Garcia did not tell him why he wanted Escalante to travel with him

4

and he went to Atlanta with Garcia because Atlanta was "nice." Escalante denied observing the exchange at the tractor trailer, seeing the duffle bags, or knowing anything about Garcia's purposes.

None of the defendants objected to the jury instructions, which included an instruction on deliberate ignorance. The jury acquitted Sandoval and convicted Escalante and Flores on all the counts. The jury also found that Escalante and Flores possessed and conspired to possess five kilograms or more of cocaine. Because Flores had two prior felony drug convictions, he was subject to a mandatory minimum life sentence. 21 U.S.C. § 841(b)(1)(A)(ii). The court sentenced Flores to life imprisonment for the drug trafficking counts and 60 months' imprisonment for the promotion count, to be served concurrently.

## II. STANDARDS OF REVIEW

The following standards of review govern this appeal. "We review for abuse of discretion the district court's decisions regarding the admissibility of expert testimony and the reliability of an expert opinion." United States v. Frazier, 387 F.3d 1244, 1258 (11th Cir. 2004) (en banc). Because Escalante and Flores did not object in the district court, we review their argument about the jury instructions for plain error. See United States v. Meester, 762 F.2d 867, 879-80 (11th Cir. 1985). We review de novo the sufficiency of the evidence, viewing the

5

evidence in the light most favorable to the government. United States v. Miles, 290 F.3d 1341, 1355 (11th Cir. 2002). We review the denial of a motion to suppress under a mixed standard of review, reviewing findings of fact for clear error and the application of law to those facts de novo. United States v. Desir, 257 F.3d 1233, 1235-36 (11th Cir. 2001). We review a sentence for constitutional errors de novo. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005).

### III.  DISCUSSION

We are asked to resolve six issues in this appeal. Escalante and Flores both argue that (1) Special Agent Cromer's expert testimony should not have been admitted; and (2) the jury should not have been instructed on deliberate ignorance. Flores also argues that (3) his confession should have been suppressed; (4) the evidence was insufficient to support his convictions; (5) the Sixth Amendment was violated when the court imposed the statutory mandatory minimum sentence based on Flores's prior convictions; and (6) the mandatory minimum sentence was erroneous because it was not proved to the jury that Flores knowingly and intentionally possessed cocaine. All these arguments fail. We discuss each in turn.

6

*A. Special Agent Cromer's Expert Testimony on Mexican Drug Trafficking Organizations Was Proper.*

The district court did not abuse its discretion when it allowed Special Agent Cromer to testify as an expert about the structure and operations of Mexican drug trafficking organizations. "[A]n experienced narcotics agent may testify about the significance of certain conduct or methods of operation unique to the drug distribution business." United States v. Butler, 102 F.3d 1191, 1199 (11th Cir. 1997). We consistently allow this kind of testimony, see United States v. Cross, 928 F.2d 1030, 1050 (11th Cir. 1991) (collecting cases), because ordinary law enforcement techniques are reliable methods and such testimony may be helpful to a jury's understanding of certain conduct. See Fed. R. Evid. 702; Frazier, 387 F.3d at 1260; United States v. Garcia, 447 F.3d 1327, 1335 (11th Cir. 2006). Cromer's expert testimony did not include his opinions about what he saw and heard in this case, and it was not an abuse of discretion to allow Agent Cromer to testify as a fact witness after his expert testimony concluded. Cf. United States v. Dukagjini, 326 F.3d 45, 54 (2d Cir. 2003). Finally, Agent Cromer's testimony did not invite an impermissible inference of guilt in violation of Federal Rule of Evidence 704(b) . Agent Cromer's opinion did not detract from the jury's responsibility to determine Escalante's state of mind.

## B. *The Jury Instruction on Deliberate Ignorance Was Proper.*

The district court did not plainly err when it instructed the jury that it could establish the element of knowledge from a defendant's deliberate ignorance of his possession of a controlled substance. The evidence "support[ed] the inference that [Escalante] was aware of a high probability of the existence of the [cocaine] and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." United States v. Rivera, 944 F.2d 1563, 1571 (11th Cir. 1991). Escalante's evidence established that he traveled to Atlanta with Garcia without knowing Garcia well and without knowing the reason for the trips, Garcia paid for Escalante's travel, and Escalante never asked where they were going or what they were doing. The deliberate ignorance instruction was erroneous as to Flores, who admitted knowledge in his statement to Officer Thomas, but Flores cannot establish that this error affected his substantial rights. As we discuss below, the evidence supported Flores's conviction on a theory of actual knowledge.

## C. *Flores's Motion to Suppress His Confession Was Properly Denied.*

The district court did not abuse its discretion when it denied Flores's motion to suppress statements made to Officer Thomas. Flores identifies nothing in the record that compels us to reverse the factual findings of the district court that

8

Flores's <u>Miranda</u> waiver and confession were voluntary. Whether Officer Thomas's uncorroborated testimony about the confession was credible was a proper question for the jury.

### D. *The Evidence Was Sufficient to Support Flores's Convictions.*

The district court did not err when it denied Flores's motions for a judgment of acquittal. Viewing the evidence in the light most favorable to the government, we take Officer Thomas's account of Flores's confession as true. A reasonable jury was entitled to conclude that the confession, Flores's other statements, and the circumstances of the offense established guilt beyond a reasonable doubt. The confession and the discovery of the bags of cocaine in the previously empty trunk of the SUV established knowing possession and distribution, 21 U.S.C. § 841(a)(1). Flores's admission that he had spoken with Escalante and Garcia, the evidence from the phones that corroborated his statement, the encounter on the on-ramp, and the evidence of the completion of the transaction all established the existence of an agreement to transport a controlled substance, <u>id.</u> § 846.

### E. *The Mandatory Minimum Sentence Based on Flores's Prior Convictions Was Proper.*

Flores's Sixth Amendment right to a jury trial was not violated when the district court established the fact of Flores's prior convictions by a preponderance

of the evidence.  See Almendarez-Torres v. United States, 523 U.S. 224, 243, 118 S. Ct. 1219, 1231 (1998); United States v. Orduno-Mireles, 405 F.3d 960, 962-63 (11th Cir. 2005).

*F.  The Mandatory Minimum Sentence for Cocaine Possession Was Proper.*

The district court did not err when it imposed the mandatory minimum life sentence based on Flores's possession of five kilograms or more of cocaine.  See 21 U.S.C. § 841(b)(1)(A)(ii).  "[A] defendant need not be found to know the particular drug involved in order to receive a mandatory sentence based on the kind of drug under § 841(b)(1)."  United States v. Gomez, 905 F.2d 1513, 1514 (11th Cir. 1990).

## IV.  CONCLUSION

Escalante's convictions and Flores's convictions and sentences are **AFFIRMED.**