[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-14670

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 14, 2007
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00033-CR-FTM-33-SPC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OLIVER DEVAUN O'SULLIVAN,
a.k.a. Devin Smith,
a.k.a. Devin Sullivan,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(November 14, 2007)**

Before CARNES and BARKETT, Circuit Judges, and COHN,[*] District Judge.

_____

[*]Honorable James I. Cohn, United States District Court Judge, Southern District of
Florida, sitting by designation.

PER CURIAM:

Having been convicted of possession with intent to distribute 100 kilograms or more of marijuana, Oliver Devaun O'Sullivan appeals his conviction on two grounds.

O'Sullivan contends that the evidence was insufficient to convict him because it did not prove beyond a reasonable doubt that he knew the 800-pound load put into the truck he was driving was marijuana. While the evidence was not overwhelming, it was sufficient to prove all the elements of the crime, including O'Sullivan's knowledge that what was loaded into the truck and being transported was illegal drugs. See United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007); United States v. Camargo-Vergara, 57 F.3d 993, 997 (11th Cir. 1995); United States v. Vera, 701 F.2d 1349, 1358–59 (11th Cir. 1983). The government was not required to prove that he knew the identity of the particular illegal drug that was involved. United States v. Gomez, 905 F.2d 1513, 1514 (11th Cir. 1990).

O'Sullivan's second contention is that during closing argument the government violated his constitutional right to remain silent by commenting on his failure to offer any exculpatory statement or explanation after he was arrested. The prosecutor's remarks ("He's not, 'why am I under arrest? What's going on? There must be some mistake. You need to call the guy.' No, no, evasive.") were

2

comments on O'Sullivan's post-arrest silence.  The record is not clear whether

O'Sullivan had been given Miranda warnings at the time of the silence the

prosecutor commented on.  If O'Sullivan had been warned, the comments clearly

violated Doyle v. Ohio, 426 U.S. 610, 96 S. Ct. 2240 (1976).  But even if no

Miranda warnings had been given, the comments were still an unconstitutional

comment on the defendant's silence under our decision in United States  v.

Edwards, 576 F.2d 1152 (5th Cir. 1978).

The district court gave a curative instruction of sorts, but never explicitly

instructed the jurors to disregard the prosecutor's comments.  In any event, our

decisions indicate that a curative instruction will not undo the prejudice inflicted

by a clear comment on a defendant's silence.  See United States v. Hale, 422 U.S.

171, 172–73, 175 n.3,  95 S. Ct. 2133, 2135, 3126 n.3 (1975); Edwards, 576 F.2d

at 1154 ("Such comments may constitute plain error, and a judge's cautionary

instruction will not suffice to cure the error."); United States v. Henderson, 565

F.2d 900, 904–05 (5th Cir. 1978); United States v. Impson, 531 F.2d 274, 276, 278

(5th Cir. 1976).

We cannot conclude that the error was harmless.  While the evidence was

sufficient for a jury to conclude beyond a reasonable doubt that O'Sullivan is

guilty, it is not sufficient for us to conclude beyond a reasonable doubt that the

3

constitutional error in commenting on O'Sullivan's post-arrest silence was

harmless. See Chapman v. California, 386 U.S. 18, 22–24, 87 S. Ct. 824, 827–28

(1967).

REVERSED AND REMANDED.