[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-15765
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 14, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-20668-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMY CARMONA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 14, 2011)

Before EDMONDSON, HULL and KRAVITCH, Circuit Judges.

PER CURIAM:

After pleading guilty, Jimy Carmona appeals his sentence of 46 months'

imprisonment for importing 100 grams or more of heroin into the United States, in

violation of 21 U.S.C. § 952(a). After review, we affirm.

When Carmona arrived at Miami Airport on a flight from Colombia, U.S. Customs inspectors found heroin hidden in the lining of Carmona's carry-on backpack. Carmona has never disputed that the actual amount of heroin he transported was 727.4 grams. In fact, at his plea hearing, Carmona admitted he transported that amount. Furthermore, Carmona did not object to the presentence investigation report ("PSI"), which stated that the heroin in Carmona's backpack weighed 727.4 grams and recommended a base offense level of 30, pursuant to U.S.S.G. § 2D1.1(a)(5), based on that drug quantity. Finally, at sentencing, Carmona did not object when the district court used that undisputed drug quantity to calculate Carmona's advisory guidelines range of 46 to 57 months' imprisonment and then imposed a 46-month sentence, at the low end of the advisory guidelines range.

Carmona did ask for a downward variance from the advisory guidelines range because he thought he was carrying 600 grams, rather than 700 grams, of heroin. The district court denied the request.[1]

For the first time on appeal, Carmona argues that the district court's use of

_____

[1]Carmona does not challenge that ruling on appeal or argue that his 46-month sentence was procedurally or substantively unreasonable.

the 727.4 grams of heroin to calculate his advisory guidelines range violated the Sixth Amendment. Citing United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), Carmona contends that the district court could not hold him accountable for that drug quantity because Carmona did not admit, and the government did not prove, that Carmona knew that amount of heroin was in his backpack.

Because Carmona raises his Booker objection for the first time on appeal, we review for plain error. See United States v. Munoz, 430 F.3d 1357, 1374-75 (11th Cir. 2005).[2] Here, we find no error, plain or otherwise.

For sentencing purposes, the district court may rely on evidence heard during trial, the defendant's admissions during his guilty plea, undisputed statements in the PSI or evidence presented at the sentencing hearing. United States v. Wilson, 884 F.2d 1355, 1356 (11th Cir. 1989). The failure to object to factual findings in the PSI, including drug quantity findings, is deemed an admission of those facts. United States v. Williams 438 F.3d 1272, 1274 (11th Cir. 2006). Moreover, after Booker, under an advisory guidelines system, the district courts remain free to impose sentencing enhancements based on judge-made findings by a preponderance of the evidence so long as the sentence imposed

---

[2]To establish plain error, the appellant must show (1) error, (2) that is plain, (3) that affects his substantial rights, and (4) seriously affects the fairness, integrity, or public reputation of judicial proceedings. Munoz, 430 F.3d at 1375.

does not exceed the statutory maximum sentence. See United States v. Dean, 487 F.3d 840, 854 (11th Cir. 2007); United States v. Dudley, 463 F.3d 1221, 1227-28 (11th Cir. 2006).

Carmona does not contend that his 46-month sentence exceeds the 40-year statutory maximum sentence authorized by 21 U.S.C. § 960(a)(1), (b)(2)(A). Thus, the district court did not violate the Sixth Amendment when it calculated Carmona's advisory guidelines range based on the undisputed statements in the PSI and Carmona's admissions during his plea colloquy.

The fact that Carmona claims he did not know he was carrying 727.4 grams of heroin in his backpack does not change the result. It is well-settled in this Circuit, both before and after Booker, that the fact that a drug courier did not know the exact amount or type of drugs he was transporting does not prevent a district court from attributing the drugs to him for sentencing purposes. See United States v. Alvarez-Coria, 447 F.3d 1340, 1344 (11th Cir. 2006); United States v. Gomez, 905 F.2d 1513, 1514-15 (11th Cir. 1990); see also U.S.S.G. § 1B1.3 cmt n.2(a)(1).

**AFFIRMED.**

4