[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-16983
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00235-MHC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER RAY HAMILTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(September 27, 2017)

Before MARTIN, JULIE CARNES, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Walter Ray Hamilton appeals the 75-month sentence he received after

pleading guilty to one count of conspiracy to possess with the intent to distribute

marijuana, in violation of 21 U.S.C. § 846, and one count of maintaining a drug-

involved premises, in violation of 21 U.S.C. §§ 856(a)(1), 860(a).  After careful review, we affirm Hamilton's sentence and remand for the limited purpose of correcting clerical errors in the judgment.

## I.

At sentencing, Hamilton admitted that he leased a home in Chamblee, Georgia, which he operated as a "stash house" for a drug trafficking organization. He did not dispute the presentence investigation report ("PSR") saying that in June 2014, U.S. Drug Enforcement Administration agents saw Hamilton unload boxes from two cars that stopped at the stash house.  The agents also saw Hamilton's codefendants leave the stash house with a container, get in a truck, and drive away. When the agents stopped and searched that truck, they found 3.996 kilograms of cocaine.  A few days later, agents watched Hamilton put something in a car.  When they stopped and searched that car, they found 6 kilograms of marijuana.  Later that same day, agents saw Hamilton and his codefendants drive away from the stash house in four separate cars.  They stopped and searched the car Hamilton was in and found, among other things, a list of tracking numbers for packages, one of which contained 10 kilograms of marijuana.  They also stopped and searched Hamilton's codefendants' cars and found 55 kilograms of marijuana.  In searching the stash house, the agents found another 4.4 kilograms of marijuana.

To arrive at Hamilton's offense level, the PSR counted the amounts of cocaine and marijuana the agents seized from the stash house, the cars leaving the stash house, and the package from the list of tracking numbers. Based on the weight of these drugs and other facts, the PSR determined Hamilton's guideline imprisonment range was 87 to 108 months.

Hamilton objected to the PSR's inclusion of the 3.996 kilograms of cocaine in calculating his offense level. At sentencing, he argued there was no evidence of him "touching, carrying, [or] speaking about the cocaine." Instead, Hamilton contended he knew only about the marijuana and his role in the conspiracy was limited to marijuana. The district court overruled the objection. The court found Hamilton had been directly involved with the people who used the stash house, which he ran for the conspiracy. The district court thus found the cocaine could be attributed to Hamilton under either of two theories of "relevant conduct" from the United States Sentencing Guidelines ("USSG"): aiding and abetting, USSG § 1B1.3(a)(1)(A), or jointly undertaken criminal activity, id. § 1B1.3(a)(1)(B).

The district court sentenced Hamilton to 75-months imprisonment. This appeal followed.

## II.

Hamilton argues on appeal that the district court erred in holding him responsible under USSG § 1B1.3 for the 3.996 kilograms of cocaine the agents

3

found when they searched his codefendants' truck.  He says it was not reasonably foreseeable that the drug conspiracy included cocaine.  We review de novo whether the district court correctly applied USSG § 1B1.3.  United States v. McCrimmon, 362 F.3d 725, 728 (11th Cir. 2004) (per curiam).

Section 1B1.3(a)(1)(A) says a defendant's base offense level "shall be determined" from "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." Id.  "A defendant's accountability under subsection (a)(1)(A) is not limited by what is reasonably foreseeable because the reasonable foreseeability requirement only applies to the conduct of others."  United States v. Alvarez-Coria, 447 F.3d 1340, 1344 (11th Cir. 2006) (per curiam).

On this record, Hamilton can be sentenced for the cocaine because he aided and abetted the trafficking of the drugs through the stash house.  See id.; United States v. Gomez, 905 F.2d 1513, 1513–14 (11th Cir. 1990).  Hamilton leased and ran the stash house for the conspiracy.  He also unloaded boxes from cars into the stash house on the same day his codefendants left the stash house with the cocaine. Because Hamilton can be sentenced for the cocaine on the basis of his own conduct, we need not question whether it was reasonably foreseeable to Hamilton that cocaine was part of the conspiracy.  See Alvarez-Coria, 447 F.3d at 1344 ("Whether the presence of [a specific drug] was reasonably foreseeable to [the

4

defendant] is immaterial because [the defendant] is being held accountable for his own conduct, not the conduct of his co-conspirators."). The district court therefore did not err in including the cocaine when sentencing Hamilton.

### III.

The government requests that we remand to the district court to correct clerical errors in the judgment under Federal Rule of Criminal Procedure 36. The judgment makes three clerical errors: (1) it says that Hamilton pled guilty only to Count Two; (2) it lists Count One as including cocaine and marijuana; and (3) it states that Hamilton must serve a three-year term of supervised release after his imprisonment. However, Hamilton pled guilty to Count One as to the marijuana, but not the cocaine. And at sentencing, the district court ordered Hamilton to serve concurrent terms of supervised release of three years as to Count One and six years as to Count Two. We therefore remand to the district court for the limited purpose of correcting these errors in the judgment under Rule 36.

**AFFIRMED IN PART AND REMANDED IN PART.**

5