[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10966

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JERIMIAH SWANSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:20-cr-00060-CEM-EJK-2

_____

Before WILSON, ANDERSON, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jeremiah Swanson appeals his conviction for conspiracy to possess with intent to distribute fentanyl. No reversible error has been shown; we affirm.

A federal grand jury returned an indictment charging Swanson with one count of "knowingly, willfully, and intentionally conspir[ing] . . . to possess with intent to distribute a controlled substance," in violation of 21 U.S.C. § 846. The indictment specified that the violation involved 40 grams or more of a substance containing fentanyl: a drug quantity that made the charged offense punishable under 21 U.S.C. § 841(b)(1)(B).

Swanson pleaded not guilty and proceeded to a jury trial. The jury found Swanson guilty of the charged offense. The district court sentenced Swanson to 80 months' imprisonment followed by 4 years' supervised release.

On appeal, Swanson challenges the district court's denial of his motion for a judgment of acquittal. Swanson says the evidence presented at trial was insufficient to permit a jury to find that Swanson knew that the controlled substance involved in his offense was fentanyl.[1]

"We review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds." *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." *Id*. We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id*.

---

[1] Swanson raises no substantive challenge to the sufficiency of the evidence showing (1) that an agreement existed between two or more persons to possess with intent to distribute a controlled substance; (2) that Swanson knew about the agreement; and (3) that Swanson joined voluntarily the agreement. Swanson challenges only the sufficiency of the evidence establishing that he knew and joined in an unlawful plan involving fentanyl.

To obtain a conviction under 21 U.S.C. § 846, the government must "prove beyond a reasonable doubt that (1) there was an agreement between two or more people to violate § 841(a)(1); (2) the defendant knew about the agreement; and (3) the defendant voluntarily joined the agreement." *United States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021). Section 841(a)(1) makes it unlawful for a person "knowingly or intentionally . . . to . . . possess with intent to manufacture, distribute, or dispense, *a controlled substance.*" 21 U.S.C. § 841(a)(1) (emphasis added).

Contrary to Swanson's assertion on appeal, the government was not required to prove that Swanson knew that the controlled substance involved in his offense was fentanyl. We have concluded that a person violates section 841(a)(1) if he "knowingly possesses with the intent to distribute illegal drugs of some sort, even if []he does not know exactly which controlled substance it is." *See Colston*, 4 F.4th at 1187; *see also United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990) ("[I]t is well-settled that to sustain a conviction for possession with intent to distribute a controlled substance, it need not be proved that the defendant had knowledge of the particular drug involved, as long as he knew he was dealing

with a controlled substance."). We have also said that, to obtain a conviction for conspiracy under section 846, the government need not "prove that the defendant conspired to distribute a specific substance but is only required to prove that the defendant conspired to distribute a generic controlled substance." *See United States v. Achey*, 943 F.3d 909, 914 (11th Cir. 2019) (explaining that the identity of the controlled substance is not an element of an offense under section 841(a)(1) and is pertinent only for sentencing purposes); *see also Colston*, 4 F.4th at 1187-88 ("The state of mind necessary for a § 846 charge is the same as that required for a § 841(a)(1) charge: the defendant must [conspire to] knowingly possess, and intend to distribute, a controlled substance, but need not know which substance it is.").

On appeal, Swanson never cites to this Court's decisions addressing the *mens rea* element in 21 U.S.C. §§ 841 and 846. Swanson contends, instead, that this appeal is governed by the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). In *Rehaif*, the Supreme Court considered a defendant's challenge to his conviction for unlawful possession of a firearm under 18 U.S.C. §§ 922(g) and 924(a)(2). The Supreme Court concluded that

6                          Opinion of the Court                        21-10966

-- to obtain a conviction for unlawful possession of a firearm under those statutes -- the government had to "prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Id.* at 2200.

*Rehaif* addressed only prosecutions under 18 U.S.C. §§ 922(g) and 924(a)(2): the opinion and decision says nothing about 21 U.S.C. §§ 841(a) or 846.  Given the different statutes involved in *Rehaif*, we cannot conclude that *Rehaif* controls the outcome of this appeal.  Nor did *Rehaif* overrule or abrogate our then-existing decision in *Gomez*.  Our decision in *Gomez* and our post-*Rehaif* decisions in *Colston* and in *Achey* are binding precedent.  *See United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (under our prior-panel-precedent rule, we are bound by a prior panel's decision "unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*."); *see also United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009) (for purposes of our prior-panel-precedent rule, "the Supreme Court decision 'must be clearly on point'" and must

21-10966            Opinion of the Court            7

"actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel.").

Swanson also seems to argue that the district court's jury instructions -- which referred expressly to an unlawful plan "to possess fentanyl" -- imposed an additional requirement that the government prove Swanson knew the identity of the drug involved in his offense.[2] We reject this argument. "[W]hen a jury instruction sets forth all the elements of the charged crime but incorrectly adds one more element, a sufficiency challenge should be assessed against the elements of the charged crime, not against the

---

[2] The district court instructed the jury that it could find Swanson guilty only if the government proved beyond a reasonable doubt these facts:

> (1) two or more people in some way agreed to try to accomplish a shared and unlawful plan *to possess fentanyl*;
>
> (2) [Swanson] knew the unlawful purpose of the plan and willfully joined in it; and
>
> (3) the object of the plan was to possess with the intent to distribute *more than forty grams of fentanyl*.

(emphasis added).

8                    Opinion of the Court                    21-10966

erroneously heightened command in the jury instruction." *Musacchio v. United States*, 577 U.S. 237, 243 (2016).

The government was not required to prove that Swanson knew that the drug involved in his offense was fentanyl. The district court committed no error in denying Swanson's motion for a judgment of acquittal.

AFFIRMED.