[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-10803

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MITCHELLE DERWIN ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cr-80097-RLR-1

_____

Before NEWSOM, GRANT, and TJOFLAT, Circuit Judges.

PER CURIAM:

Mitchelle Robinson appeals his conviction for attempting to possess with intent to distribute cocaine and carrying a firearm in relation to a drug trafficking crime. He raises two main arguments. First, he contends that his conviction cannot stand because the government failed to prove he knew the substance in question was cocaine, as the jury instructions allegedly required. Second, he argues that the District Court abused its discretion in admitting evidence of prior marijuana distribution under Rule 404(b). We affirm.

I.

A grand jury indicted Mitchelle Robinson with (1) conspiring to possess with intent to distribute a controlled substance, (2) attempting to possess with intent to distribute a controlled substance, and (3) possessing a firearm in furtherance of a drug trafficking crime. Robinson pleaded not guilty and the case proceeded to trial. At trial, the government presented the following evidence:

During a May 2023 postal investigation, a United States Postal Inspection Services Task Force Officer flagged a suspicious package and obtained a warrant to search it. Inside, authorities found approximately one kilogram of a white powder, initially believed to be fentanyl but later confirmed to be cocaine. Based on this discovery, law enforcement conducted a controlled delivery with a tracking device in the package.

The recipient, Nicole Daly, agreed to cooperate with law enforcement. Acting under law enforcement guidance, Daly contacted Robinson and arranged to meet him in a parking lot. Surveillance captured Robinson circling the lot multiple times before approaching Daly and accepting the parcel. During the handoff, Daly mentioned a "loose powder" that "might be fentanyl," and Robinson responded with acknowledgment. Law enforcement then apprehended Robinson shortly after he drove away, discovering a loaded pistol in his car alongside the package.

At trial, the government also presented Robinson's text messages showing prior marijuana sales. Although Robinson objected to the relevance and prejudicial impact of these messages, the District Court admitted them, highlighting their probative value in establishing his familiarity with drug trafficking.

The jury acquitted Robinson on the conspiracy charge but found him guilty on the attempt and firearm counts. He timely appeals.

## II.

We review Robinson's challenge to the sufficiency of the evidence de novo, examining whether any reasonable trier of fact could have found Robinson guilty beyond a reasonable doubt based on the evidence presented. *See United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007). When a defendant raises a new sufficiency argument on appeal that was not presented in his Rule 29 motion, however, we review for plain error only. *United States v. Baston*, 818 F.3d 651, 663–64 (11th Cir. 2016); Fed. R. Crim. P. 52(b). Plain error

requires a showing that (1) an error occurred; (2) the error was plain; (3) the error affects substantial rights; and (4) "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles v. United States*, 585 U.S. 129, 134–35, 138 S. Ct. 1897, 1904–05 (2018) (internal quotation marks omitted).

Robinson argues that the government relied on a "cocaine-specific" theory and that the government failed to prove he knew the package contained cocaine. Although Robinson concedes that the law does not require knowledge of the specific drug, he contends that the jury instructions required the government to prove he knew the package contained cocaine.

But Robinson's argument falls short because sufficiency review focuses on the statutory elements of the offense rather than on any other requirements added by the jury instructions. *See Musacchio v. United States*, 577 U.S. 237, 243–44, 136 S. Ct. 709, 715 (2016). In other words, if the indictment and statutory elements did not require knowledge of cocaine specifically, the sufficiency of the evidence is assessed accordingly, irrespective of any potential overstatement in the instructions. *See id.*

Under 21 U.S.C. § 841(a)(1), a person violates the law by knowingly possessing with intent to distribute "a controlled substance"—specific knowledge of the type of controlled substance involved is unnecessary. *United States v. Gomez*, 905 F.2d 1513, 1514 (11th Cir. 1990) ("It is well-settled that to sustain a conviction for possession with intent to distribute a controlled substance, it need not be proved that the defendant had knowledge of the particular

24-10803                Opinion of the Court                5

drug involved, as long as he knew he was dealing with a controlled substance.").

Here, Robinson's knowledge of the type of substance was not an element of the charged crime. As a result, the government did not have to prove his knowledge at trial.

Robinson tries to subvert this legal framework by relying on *Ciminelli v. United States*, 598 U.S. 306, 143 S. Ct. 1121 (2023). But *Ciminelli* is inapposite. In *Ciminelli*, the Supreme Court vacated a conviction because the government had prosecuted the case under a flawed legal theory that was not actually part of the charges presented to the jury. *Ciminelli*, 598 U.S. at 311, 143 S. Ct. at 1125. Unlike in *Ciminelli*, where the government's theory was legally invalid from the start, Robinson's conviction was based squarely on the statutory elements of 21 U.S.C. §§ 841(a)(1) and 846. Those statutes require only that he knowingly attempt to possess with intent to distribute a "controlled substance." Even if the District Court's instructions were drug-specific, they did not alter the statutory elements of the offense. And the District Court made clear that Robinson's knowledge of the substance as a "controlled substance" was enough for conviction.[1]

---

[1] The jury submitted a question to the District Court during deliberations, which asked, "[i]s it relevant that the Defendant knew it was cocaine or could it be any controlled substance?" The Court re-read the jury instruction of Count 2, which in part read:

The Defendant knowingly possessed the controlled substance if, number one, the Defendant knew he possessed a substance listed on

Because the core requirement of the statute—knowledge of engaging in an illegal drug transaction involving a controlled substance—remained intact despite the jury instruction, sufficient evidence supports the jury's conclusion. The record reveals that Robinson coordinated closely with Daly, arranging the transaction, accepting the delivery, and responding nonchalantly when informed of the powder's possible fentanyl content. Together with Robinson's pattern of drug-related communications, these actions strongly support an inference that Robinson was fully aware he was handling illegal drugs, satisfying the government's burden to show his intent to traffic in a controlled substance. Under both de novo and plain-error review, Robinson's challenge fails.

III.

We turn next to Robinson's contention that the District Court improperly admitted evidence of his prior marijuana distribution under Rule 404(b). We review Rule 404(b) evidentiary rulings for abuse of discretion. *United States v. Culver*, 598 F.3d 740, 747 (11th Cir. 2010).

Federal Rule of Evidence 404(b) prohibits using evidence of other crimes or wrongs solely to establish character and thereby show conformity with that character on a specific occasion. But the

---

the Federal schedules of controlled substances, even if the Defendant did not know the identity of the substance; or, two, the Defendant knew the identity of the substance he possessed, even if the Defendant did not know the substance was listed on the Federal schedules of controlled substances.

24-10803                Opinion of the Court                7

Rule allows the introduction of such evidence for non-character purposes, such as proving motive, opportunity, intent, preparation, knowledge, or absence of mistake. *United States v. Jones*, 913 F.2d 1552, 1566 (11th Cir. 1990). This Rule is especially pertinent when intent or knowledge becomes central to a defendant's case, as it did here when Robinson pleaded not guilty and argued a lack of knowledge or intent.

In determining whether evidence is admissible under Rule 404(b), we apply a three-part test: (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by undue prejudice. *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007); *see also* Fed. R. Evid. 403.

The evidence of Robinson's prior drug distribution met each prong. First, the evidence was relevant to an issue beyond character—specifically, it bore directly on Robinson's knowledge and intent in handling the package he received from Daly. By demonstrating his familiarity with drug transactions through prior marijuana sales, the evidence negated any notion that Robinson was accidentally or unknowingly caught up in the drug deal. When a defendant's mental state is at issue, and the defendant has previously engaged in similar conduct, extrinsic evidence is "highly probative" of intent, even when it involves a different controlled substance.

*United States v. Delgado*, 56 F.3d 1357, 1366 (11th Cir. 1995); *United States v. Colston*, 4 F.4th 1179, 1192 (11th Cir. 2021).

Second, the evidence contained in Robinson's phone records and decoded by a task force officer provided sufficient proof for a reasonable jury to find that Robinson had indeed engaged in the prior marijuana sales.[2] And while Robinson asserts that distributing small amounts of marijuana differed in nature from the charged offense involving a kilogram of cocaine, the distinction does not diminish the probative force of the evidence. Regardless of drug type or quantity, Robinson's pattern of drug distribution speaks directly to his intent and knowledge in the charged offense.

Third, Robinson's argument that the District Court should have issued a limiting instruction for the Rule 404(b) evidence is without merit. Although the risk of prejudice can often be mitigated by an instruction, it is only error to omit one if the defendant requested an instruction. Robinson did not. Instead, he specifically requested that no limiting instruction be given. This deliberate choice invokes invited error, precluding Robinson from later claiming that the omission of an instruction was prejudicial. *See United States v. Love*, 449 F.3d 1154, 1157 (11th Cir. 2006).

Nor was the admission of the evidence unduly prejudicial. The evidence served a clear purpose by demonstrating Robinson's

---

[2] The officer translated drug code and trafficking language to the jury. For example, the officer told the jury that "420" is "used as coded language when it refers to marijuana" and that "gorilla glue 3 is the strength of marijuana he is offering."

knowledge and intent, and it did not unfairly sway the jury's judgment. Its probative value substantially outweighed any risk of unfair prejudice. Given that Robinson affirmatively waived the limiting instruction, we find no abuse of discretion, and conclude that any residual risk of prejudice was minor.

## IV.

Robinson alleges that the weight of the evidence presented at trial did not support his conviction for attempting to possess with intent to distribute cocaine and that the District Court abused its discretion by allowing evidence of his past drug transaction. But that is not so. The jury's verdict is supported by the evidence presented at trial and the prior drug dealings were probative of his intent. We affirm.

**AFFIRMED.**